**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carnell Charley, et al. | No. CV-19-08300-PCT-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is Defendant United States' (the "Government") Second Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. 29.) Plaintiffs filed a response, (Doc. 36), and the Government replied. (Doc. 40.) The parties did not request oral argument, and the Court elects to rule without oral argument.

**I. BACKGROUND**

This is a wrongful death action arising out of alleged medical malpractice by Sage Memorial Hospital ("SMH") employees during their treatment of Harrison Charley ("Decedent"). SMH is an Indian Health Service facility in Ganado, Arizona operating under the jurisdiction of the United States Department of Health and Human Services ("DHHS") pursuant to a contract under the Indian Self-Determination and Educational Assistance Act ("ISDEAA"). Plaintiffs' Second Amended Complaint ("SAC") alleges that SMH employees are deemed employees of the United States for the purposes of the Federal Torts Claims Act ("FTCA").

The SAC's allegations are largely the same as in the Plaintiff's First Amended

Complaint with a few significant differences. Therefore, the Court will not again recite the allegations in this order.[1]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto*

---

[1] The Court's recitation of the factual allegations in Plaintiffs' first Amended Complaint can be found in the Court's previous order ruling on the Government's first Motion to Dismiss. (Doc. 25.)

*v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### III. ANALYSIS

Plaintiffs bring this negligence case under the FTCA, 28 U.S.C. §§ 2671, *et seq.*, as statutory beneficiaries of the Decedent pursuant to Arizona's Wrongful Death statute. A.R.S. § 12-612. "[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992); 28 U.S.C. § 2674. A claim of negligence in Arizona requires proof of four elements: "'(1) a duty requiring defendant to conform to a certain standard of care; (2) breach of that standard; (3) a causal connection between the breach and the resulting injury; (4) actual damages.'" *Dinsmoor v. City of Phoenix*, 468 P.3d 745, 749 (Ariz. Ct. App. 2020), *review granted* (Dec. 15, 2020) (quoting *Quiroz v. ALCOA Inc.*, 416 P.3d 824, 827-28 (Ariz. 2018)).

The Government argues that Plaintiffs' SAC should be dismissed for largely the same reason that the first Amended Complaint was dismissed. Namely, the Government points out, "Plaintiff [*sic*] has again failed to identify two putative health care providers whom they allege helped cause Charley's injuries and death, and whom Plaintiffs characterizes as 'unidentified tortfeasors' '1' and '2' in ¶ 43 (c) and (d) of the Second Amended Complaint, subjecting Plaintiff's [*sic*] allegations against them to dismissal since they do not state a claim under Rule 12 or *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." (Doc. 29 at 2.)

### A. Court's Previous Order

In the Court's previous ruling on the Government's first motion to dismiss, the Court took exception with the lack of specificity in Plaintiffs' Amended Complaint.

Specifically, the Court stated, "Plaintiffs never identify who the employees are that engaged in a specific negligent act or omission. They provide a list of employees that may have been involved at ¶ 33 of the Amended Complaint but Plaintiffs do not tie any of them to any specific act or omission." (Doc. 25 at 7-8.) The Court went on to find that the Plaintiffs fell short of the specificity required by *Iqbal*. The Court also noted that Plaintiffs failed to comply with A.R.S. § 12-2603, which requires a party asserting a claim against a healthcare professional to file a written statement at the outset of the case certifying whether or not expert opinion testimony will be necessary to prove the healthcare professional standard of care or liability for the claim. (Doc. 25 at 8-9.) Lastly, the Court barred Plaintiffs from asserting any claim against the United States based on negligence of Dr. Chen and Dr. Schuler since they were found to be independent contractors. (Doc. 25 at 9.)

### B. Second Motion to Dismiss

#### 1. Sufficiency of Factual Allegations

The Government first argues that Plaintiffs have again failed to identify two of the medical providers who engaged in medical negligence. (Doc. 29 at 6.) Accordingly, the Government contends that Plaintiffs' SAC again falls short of what is required by *Iqbal* and should be dismissed pursuant to Rule 12(b)(6).

Plaintiffs acknowledge that they have again failed to identify the healthcare professional who provided care to the Decedent on October 29, 2013 and November 3, 2013. (Doc. 36 at 3.) However, Plaintiffs reason that whoever provided the Decedent with care on those dates cannot be independent contractors based on answers the Government provided to discovery responses from prior litigation. (Doc. 36 at 3-4.) Additionally, Plaintiffs complain that the failure of the Government to adequately answer discovery responses from prior litigation resulted in their failure to identify the two providers. Further, Plaintiffs explain that they did not object to the discovery responses in the prior litigation because they did not know that they were incomplete. (Doc. 36 at 11-12.) Plaintiffs also accuse the Government of attempting to hide the identity of the two

healthcare providers. (Doc. 36 at 13.) Plaintiffs also contend that they have adequately pled negligence claims against the two other providers they have identified in the SAC—Dr. Harley Schalesky and Dr. Mehdy Zarandy—both of whom are federal employees. (Doc. 36 at 10.)

Absent narrowly limited circumstances, the Court constrains its inquiry on a motion to dismiss to the four corners of the complaint. *See CitiMortgage, Inc. v. Country Gardens Owners' Ass'n*, No. 2:13-CV-02039-GMN, 2013 WL 6409951, at *8 (D. Nev. Dec. 5, 2013). Accordingly, the Government's failure to properly respond to discovery responses are irrelevant to the Government's current motion. Thus, the Court will consider only the factual allegations within the four corners of Plaintiffs' SAC.

After examining the SAC, the Court finds that it now contains sufficient factual allegations to state a claim of negligence against the Government for the treatment the Decedent received from federal employees at SMH. The SAC alleges additional facts tying federal employees, Dr. Schalesky and Dr. Zarandy, to allegedly negligent acts. (*See* Doc. 26 ¶¶ 29, 31, 49((b)(e).) Specifically, the SAC alleges that Dr. Schalesky and Dr. Zarandy examined and took care of the Decedent from September 15, 2013 to September 20, 2013. (Doc. 26 ¶¶ 26-27.) It alleges that Dr. Zarandy and Dr. Schalesky ordered no imaging for the Decedent's severe lower back pain which would have "shown the extent of the damage to Mr. Charley's spine." (*Id.* ¶¶ 28, 29, 49(b).) Further, the SAC notes that Dr. Zarandy "gave no instruction or order involving any follow-up for sepsis or for further diagnostic testing for his severe back pain. He failed to order any lumbar imaging and failed to follow up adequately on the sepsis diagnosis." (*Id.* ¶ 31.) Plaintiffs allege that this failure to take imaging and the failure to "recognize that [the Decedent's] continuing back pain and his history of pain radiating down both legs were signs of an infectious disease process (osteomyelitis) that was destroying [Decedent's] lumbar spine" constituted negligent care. (*Id.* ¶ 49(b), (f).) Further, the SAC alleges that Dr. Schalesky and Dr. Zarandy's failure to order additional labs between September 15, 2013 and September 20, 2013 constituted negligent care. (*Id.* ¶¶ 29, 49(e).) It also alleges that the Decedent later died "from the

misdiagnosis and delayed diagnosis of osteomyelitis and lumbar infections, and from improper and untimely treatment." (*Id.* ¶ 40.) The Court finds that the allegations, taken as true, are sufficient to support the SAC's claim of negligence against the Government.

The claims related to treatment provide on October 29, 2013 and November 3, 2013 are not sufficiently supported by the Second Amended Complaint and will be precluded. As stated in the earlier order, "Counsel for Plaintiffs has an obligation to research the allegations prior to filing a Complaint." (Doc. 25 at 8.) It is too late to complain that Plaintiff has been unable to identify the providers she claims are responsible.

The Court declines to address whether dismissal is appropriate under A.R.S. § 12-2603. The Government only briefly mention that Plaintiffs failed to file the preliminary expert opinion affidavit under A.R.S. § 12-2603 in a footnote. Thus, the Court finds that an argument for dismissal under this provision was not properly raised.

## IV. CONCLUSION

The Government's motion is granted in part and denied in part. The motion is granted for Plaintiffs' negligence claim based on the care the Decedent received on October 29, 2013 and November 3, 2013. The motion is denied as it relates to Plaintiffs' negligence claim based on the care the Decedent received from September 14 through 20, 2013.

Accordingly,

**IT IS ORDERED** that the Government's Second Motion to Dismiss is granted in part and denied in part. (Doc. 29.)

Dated this 12th day of July, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge

- 6 -